Dale J. Giali (SBN 150382)
HOWREY LLP
4 Park Plaza, Suite 1700
Irvine, CA 92614
Telephone: (949) 721-6900
Facsimile: (949) 266-5529
gialid@howrey.com

John G. Froemming, Esq. (*pro hac vice* application to be submitted)
Michael J. Bell, Esq. (*pro hac vice* application to be submitted)
HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone: (202) 783-0800
Facsimile: (202) 383-6610

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMW of North America, LLC and Bayerische Motoren Werke AG,<br><br>Plaintiffs,<br><br>v.<br><br>Bluestar Wheels, Inc.,<br><br>Defendant. | Case No: 08 CV 0940 W LSP<br><br>**FIRST AMENDED COMPLAINT FOR TRADEMARK AND DESIGN PATENT INFRINGEMENT AND UNFAIR COMPETITION; DEMAND FOR JURY TRIAL** |

Plaintiffs BMW of North America, LLC and Bayerische Motoren Werke AG (collectively "BMW") seek injunctive and monetary relief from Defendant Bluestar Wheels, Inc. (hereinafter, "Bluestar" or "Defendant") for trademark and design patent infringement and unfair competition. As alleged more fully below, Defendant has violated and continues to violate the Trademark Act of 1946 as amended, 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act"), and California law through its unauthorized use of the "BMW" word mark in connection with the sale of wheel rims that are not

made or authorized by BMW, and the Patent Act, 35 U.S.C. § 271, through its sale of wheel rims that infringe Plaintiffs' design patents.

**PARTIES**

1. Plaintiff BMW of North America, LLC ("BMW NA") is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677. BMW NA is a wholly owned subsidiary of BMW (US) Holding Corporation, a Delaware corporation, which is a wholly owned subsidiary of Bayerische Motoren Werke AG. BMW NA is the exclusive authorized distributor of BMW automotive and related products in the United States.

2. Plaintiff Bayerische Motoren Werke AG ("BMW AG") is a corporation organized under the laws of the Federal Republic of Germany with its principal place of business at 80788 Munich, Germany. BMW AG manufactures motor vehicles, parts and other products for sale in Germany and for export and sale throughout the world.

3. Upon information and belief, Defendant Bluestar Wheels, Inc. is a California corporation with its principal place of business at 215 S. Highway 101, Suite 201, San Diego, CA 92121.

**JURISDICTION AND VENUE**

4. This is an action arising under the patent and trademark laws of the United States, specifically Titles 35 and 15 of the United States Code, 35 U.S.C. § 271 and 15 U.S.C. § 1051, *et seq.*

5. This Court has personal jurisdiction over Defendant because Defendant resides in and conducts business in California.

6. This Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and 1338(b), and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over BMW's claims under California law.

7. Venue is proper in this District under 28 U.S.C. § 1391(b), as Defendant has its principal place of business in this District and, upon information and belief, a substantial part of the events or omissions giving rise to the claims herein occurred and are occurring in this District.

**BMW'S PATENTED WHEEL DESIGNS AND REGISTERED "BMW" TRADEMARK**

8. BMW is one of the foremost manufacturers of automobiles and automobile-related products, including wheels and wheel rims, in the world.

9. BMW AG is the owner of various valid and lawfully issued United States Design Patents, including patents for designs of a vehicle wheel (U.S. Design Patent Nos. 560,152; 522,949; and 560,585) (collectively, the "BMW design patents").

10. BMW is in the business of designing, manufacturing, and distributing motor vehicles, wheel rims, and a variety of other products under various trademarks, including the word mark "BMW."

11. BMW NA, through itself and its predecessors-in-interest, has been the exclusive licensee and authorized user of the "BMW" word mark in the United States continuously since at least as early as 1949 in connection with the sale and service of motor vehicles and wheel rims.

12. Since long prior to the acts of the Defendant complained of herein, BMW has also used the "BMW" word mark in connection with its business of manufacturing, and distributing motor vehicles, wheel rims, and a variety of other products in the State of California.

13. BMW AG is the owner of the following U.S. Registrations for its "BMW" word mark:

| **Mark** | **Reg. No.** | **Reg. Date** | **Class: Services/Goods** |
|---|---|---|---|
| "BMW" | 611,710 | September 6, 1955 | Automobiles and motorcycles |
| "BMW" | 1,164,922 | August 11, 1981 | Motor vehicle repair and maintenance services and dealership services |
| "BMW" | 1,627,241 | September 18, 1990 | Clothing |
| "BMW" | 2,816,178 | February 24, 2004 | Antifreeze, automobile paint, engine oils, vehicle parts and various other goods |

## DEFENDANT'S WRONGFUL ACTIVITIES

14. In approximately January of 2008, BMW discovered Defendant using BMW trademarks and engaging in the advertising and sale of numerous patented BMW wheel designs without authorization from BMW.

15. Defendant has been advertising that it offers "BMW wheels" bearing BMW's famous Roundel logo, and claiming that the alleged "BMW wheels" are manufactured in an original equipment plant, even though such wheel rims are not made or authorized by BMW and not manufactured in a BMW original equipment plant.

16. Defendant has been infringing BMW U.S. Design Patent No. 560,152 ("the '152 patent") by offering to sell and selling wheel rims that are covered by the '152 patent. A copy of BMW's U.S. Design Patent No. 560,152 and a printout from Defendant's online store showing this wheel rim style are attached hereto as Exhibit 1(A) and (B), respectively.

17. Defendant has been infringing BMW U.S. Design Patent No. 522,949 ("the '949 patent") by offering to sell and selling wheel rims that are covered by the '949 patent. A copy of BMW's U.S. Design Patent No. 522,949 and a printout from Defendant's online store showing this wheel rim style are attached hereto as Exhibit 2(A) and (B), respectively.

18. Defendant has been infringing BMW U.S. Design Patent No. 560,585 ("the '585 patent") by offering to sell and selling wheel rims that are covered by the '585 patent. A copy of BMW's U.S. Design Patent No. 560,585 and a printout from Defendant's online store showing this wheel rim style are attached hereto as Exhibit 3(A) and (B), respectively.

19. On March 6, 2008, BMW wrote Defendant putting it on notice of BMW's trademark and design patent rights, and requesting that Defendant cease and desist from its unauthorized commercial use of BMW's trademarks and design patented wheels.

20. Defendant responded on April 9, 2008 that it would "refrain from using the center cap bearing the BMW logo on their [i.e., Defendant's] wheels;" and that "where appropriate," Defendant "will advertise its wheels as 'wheels for use on BMW automobiles' or similar wording."

21. Despite BMW's March 6 notice and Defendant's April 9 partial commitment, however, Defendant continued to offer wheels that are not made or authorized by BMW as "BMW wheels," to claim that Defendant's "BMW wheels" are manufactured in an original equipment plant even though Defendant's wheels are not manufactured in a BMW original equipment plant, and to advertise and sell wheel designs that are covered by BMW U.S. design patents.

22. BMW filed its original Complaint against Defendant on May 28, 2008, and provided a copy of the same to Defendant on June 2, 2008.

23. Despite the filing of this lawsuit, Defendant has continued to offer wheels that are not made or authorized by BMW as "BMW wheels," to claim that Defendant's "BMW wheels" are manufactured in an original equipment plant even though Defendant's wheels are not manufactured in a BMW original equipment plant, to claim that Defendant specializes in wheels "for BMW," to call itself "Bluestar BMW Wheels," and to advertise and sell wheel designs that are covered by BMW U.S. design patents.

24. Defendant is not affiliated with or sponsored by BMW, and has never been authorized by BMW or any of its subsidiaries, affiliates or authorized agents to use BMW's mark in any form.

25. Defendant's unauthorized use of the BMW mark is intended to divert persons to Defendant who are interested in the products and services of BMW and to trade off the goodwill of BMW's marks.

26. Defendant's unauthorized use of BMW's marks in the manner described above:

(a) is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties, as to the origin, sponsorship, or approval of Defendant's products and services, or as to some affiliation, connection, or association of Defendant with BMW;

(b) enables Defendant to trade on and receive the benefit of goodwill BMW built up at great labor and expense over many years, and to gain acceptance for

Defendant's products and services not solely on its own merits, but on the reputation and goodwill of BMW, its trade name and its products and services;

(c) unjustly enriches Defendants; and

(d) unlawfully removes from BMW the ability to control the nature and quality of products and services provided under the BMW mark and places the goodwill and valuable reputation of BMW in the hands of Defendant, over which BMW has no control.

27. Defendant's continued use of BMW's trademarks and offering of wheel designs that are covered by BMW U.S. design patents, despite BMW's March 6 cease-and-desist letter, Defendant's April 9 commitment, and BMW's May 28 lawsuit, constitute knowing and unauthorized commercial use of BMW trademarks, and willful infringement.

28. BMW has been damaged and continues to be damaged by Defendant's activities in the manner described above. Unless these acts of Defendant are restrained by this Court, they will continue to cause irreparable injury to BMW and to the public for which there is no adequate remedy at law.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## (Lanham Act § 32, 15 U.S.C. § 1114(1))

29. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 28 herein.

30. Defendant's use of the "BMW" word mark in connection with the sale of wheel rims that are not made or authorized by BMW is likely to cause confusion, cause mistake, or deceive customers as to the source or sponsorship of Defendant's products and services.

31. The acts of Defendant complained of herein constitute use in commerce of reproductions, counterfeits, copies, or colorable imitations of BMW's federally registered "BMW" word mark in connection with the sale, offering for sale, distribution and advertising of goods and services in violation of 15 U.S.C. § 1114(1).

32. Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BMW's rights in its marks, and with intent to trade off BMW's vast goodwill in its marks.

33. As a result of the foregoing alleged actions of Defendant, BMW has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, BMW will continue to suffer injury and damage.

**COUNT II**
**FEDERAL UNFAIR COMPETITION, FALSE DESIGNATION OF ORIGIN**
**(Lanham Act § 43(a), 15 U.S.C. § 1125)**

34. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 33 herein.

35. Defendant's unauthorized use of the "BMW" word mark, BMW's design patents, and Defendant's claim that its wheels "are manufactured in an original equipment plant," in connection with the sale of wheel rims that are not made or authorized by BMW, falsely indicates that Defendant and its products and services are connected with, sponsored by, affiliated with, or related to BMW.

36. Defendant's unauthorized use of the "BMW" word mark, BMW's design patents, and Defendant's claim that its wheels "are manufactured in an original equipment plant," has caused, and is likely to continue to cause confusion, mistake, and deception as to the source or sponsorship of Defendant and its products and services.

37. The acts of Defendant complained of herein constitute unfair competition, false designation of origin, and trade name infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. Defendant's acts complained of herein have been deliberate, willful, and intentional, with full knowledge and in conscious disregard of BMW's rights in its trademarks and design patent rights.

39. As a result of the foregoing alleged actions of Defendant, BMW has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, BMW will continue to suffer injury and damage.

**COUNT III**
**DESIGN PATENT INFRINGEMENT**
**U.S. DESIGN PATENT NO. 560,152**
**(35 U.S.C. §271)**

40. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 39 herein.

41. Defendant is infringing U.S. Design Patent No. 560,152 in violation of 35 U.S.C § 271 by making, using, offering for sale and/or selling products that are covered by the '152 patent in the United States.

42. Defendant's acts complained of herein have been willful, deliberate and with conscious disregard of BMW's U.S. design patent rights.

43. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

44. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

**COUNT IV**
**DESIGN PATENT INFRINGEMENT**
**U.S. DESIGN PATENT NO. 522,949**
**(35 U.S.C. §271)**

45. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 44 herein.

46. Defendant is infringing U.S. Design Patent No. 522,949 in violation of 35 U.S.C § 271 by making, using, offering for sale and/or selling products that are covered by the '949 patent in the United States.

47. Defendant's acts complained of herein have been willful, deliberate and with conscious disregard of BMW's U.S. design patent rights.

48. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

49. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

**COUNT V**
**DESIGN PATENT INFRINGEMENT**
**U.S. DESIGN PATENT NO. 560,585**
**(35 U.S.C. §271)**

50. BMW realleges and incorporates the allegations set forth in paragraphs 1 through 49 herein.

51. Defendant is infringing U.S. Design Patent No. 560,585 in violation of 35 U.S.C § 271 by making, using, offering for sale and/or selling products that are covered by the '585 patent in the United States.

52. Defendant's acts complained of herein have been willful, deliberate and with conscious disregard of BMW's U.S. design patent rights.

53. As a result of Defendant's infringement, Plaintiffs have suffered and will continue to suffer damages. Upon information and belief, Defendant's infringement will persist unless enjoined by this Court.

54. The acts complained of herein constitute design patent infringement in violation of 35 U.S.C. § 271.

**COUNT VI**
**UNFAIR COMPETITION**
**(California Unfair Competition Statute,**
**Cal. Bus. & Prof. Code § 17200 et seq.)**

55. BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 54 herein.

56. The acts of Defendant complained of herein constitute unlawful and unfair competition in violation of the California Unfair Competition Statute, Cal. Bus. & Prof. Code § 17200, as they are likely to deceive and mislead the public.

57. As a result of the foregoing alleged actions of Defendant, Defendant has been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, BMW will continue to suffer injury and damage.

**COUNT VII**
**TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**
**(Common Law of California)**

58. BMW re-alleges and incorporates the allegations set forth in paragraphs 1 through 57 herein.

59. The acts of Defendant complained of herein constitute trademark infringement and unfair competition in violation of the common law of California.

60. As a result of the foregoing alleged actions, Defendant has been unjustly enriched and BMW has been injured and damaged. Unless the foregoing alleged actions of Defendant are enjoined, BMW will continue to suffer injury and damage.

**PRAYER FOR RELIEF**

WHEREFORE, BMW prays that:

1. Defendant be adjudged liable as to the foregoing claims.

2. Defendant, its agents, servants, employees, and all others in active concert or participation with any of them, be permanently enjoined and restrained from:

(a) using the "BMW" word mark in a trademark sense, or any other name or mark that is confusingly similar to this mark, in connection with the sale of wheel rims that are not made or authorized by BMW, including using the "BMW" mark, rather than Defendant's own trademark, as or in the names of its products;

(b) manufacturing, importing, marketing, advertising, offering to sell and/or selling wheel rims that infringe upon BMW's U.S. Design Patent Nos. 560,152; 522,949; and 560,585;

(c) claiming or otherwise suggesting that Defendant is an original equipment ("OE") manufacturer, supplier or distributor for BMW; and

(d) doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendant emanates from, or is connected with, sponsored or approved by, BMW or that any of Defendant's products are otherwise authorized by BMW.

3. Defendant, in accordance with Section 34(a) of the United States Trademark Act, 15 U.S.C. § 1116(a), be required to file with the Court, and serve upon Plaintiffs, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of such injunction.

4. Defendant be required to pay to BMW for its acts of trademark infringement and unfair competition:

(a) in accordance with Section 35(a) of the United States Trademark Act, 15 U.S.C. § 1117(a) and (b), an award of treble Plaintiffs' actual damages plus Defendant's profits resulting from Defendant's unauthorized use of the "BMW" trademark and BMW's design patents in connection with the sale of wheel rims that are not made or authorized by BMW, and Defendant's claim that such wheels "are manufactured in an original equipment plant";

(b) punitive damages for Defendant's acts of unfair competition in violation of state law;

(c) BMW's attorneys' fees for this action; and

(d) the Court award prejudgment interest and costs of this action.

5. For Defendant's repeated, willful, and deliberate design patent infringement:

(a) Defendant be held liable to the extent of its total profits from design patent infringement, but no less than $250, pursuant to 35 U.S.C. § 289; and

(b) the Court award BMW treble damages, pursuant to 35 U.S.C. § 284, and declare this case exceptional and award BMW its attorneys' fees pursuant to 35 U.S.C. § 285.

(c) the Court award prejudgment interest and costs of this action.

6. BMW recover such other relief as the Court may deem appropriate.

Respectfully submitted,

HOWREY LLP
John G. Froemming
Michael J. Bell
Dale J. Giali

Dated: August 20, 2008

By ______________________
Dale J. Giali

*Attorneys for Plaintiffs*
BMW of North America, LLC
and Bayerische Motoren Werke AG

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully submitted,

HOWREY LLP
John G. Froemming
Michael J. Bell
Dale J. Giali

Dated: August 20, 2008

By ______________________
Dale J. Giali

*Attorneys for Plaintiffs*
BMW of North America, LLC
and Bayerische Motoren Werke AG